IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 14 2008

DAVID J. MALAND, CLERK
BY
DEPUTY

HUNTSMAN CORPORATION

    Plaintiffs,

                                 Civil Action No. _____ 1 : 08 C V 0 0 2 9

vs.

INTERNATIONAL RISK INSURANCE
COMPANY

    Defendants/Third-Party Plaintiff

vs.

ACE AMERICAN INSURANCE COMPANY,
AIG CASUALTY COMPANY F/K/A BIRMINGHAM
FIRE INSURANCE COMPANY OF PENNSYLVANIA,
ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,
ARCH REINSURANCE COMPANY OF NEBRASKA,
AXIS SPECIALTY LIMITED BERMUDA, LIMIT NO. 2, LTD.,
COMMONWEALTH INSURANCE COMPANY,
HDI INDUSTRIE VERSICHERUNG AG,
SIMON ANDREW WHITE AS LEAD UNDERWRITER FOR
HERITAGE SYNDICATE 1200 ROC AT LLOYD'S, IN HIS
INDIVIDUAL CAPACITY, R. J. KILN & COMPANY, LTD.,
CATHEDRAL UNDERWRITING, LTD., MUNICH REINSURANCE
COMPANY, PARTNER REINSURANCE COMPANY, LTD.,
SCOR UK COMPANY, LTD., SWISS REINSURANCE COMPANY,
WURTTEMBERGISCHE VERSICHERUNG AG, and
ZURICH AMERICAN INSURANCE COMPANY

    Third-Party Defendants

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Third-Party Defendants Ace American Insurance Company ("Ace"), AIG Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania ("AIG"), Allianz Global Risks US Insurance Company ("Allianz"), Arch Reinsurance Company of Nebraska ("Arch"), and Zurich American Insurance Company ("Zurich"), (collectively referred to as "Reinsurers" or "Third-Party Defendants"), and appearing specially so as to preserve any and all defenses under Rule 12 of the Federal Rules of Civil Procedure or otherwise, and any and all defenses under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., 9 U.S.C. § 201 et seq., the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), and 9 U.S.C. § 301 et seq., the Inter-American Convention on International Commercial Arbitration (the "Panama Convention") including but not limited to the right to demand arbitration pursuant to the reinsurance certificates, hereby remove the action filed under Cause No. A-180-245 in the 58th Judicial District Court of Jefferson County, Texas, to the Eastern District of Texas, Beaumont Division.

AXIS Specialty Limited Bermuda ("AXIS"), Limit No. 2, Ltd. ("Limit"), Commonwealth Insurance Company ("Commonwealth"), HDI Industrie Versicherung AG ("HDI"), Simon Andrew White as Lead Underwriter for Heritage Syndicate 1200 ROC at Lloyd's, in his Individual Capacity ("White"), R. J. Kiln & Company, Ltd. ("R. J. Kiln"), Cathedral Underwriting, Ltd. ("Cathedral"), Munich Reinsurance Company ("Munich Re"), Partner Reinsurance Company, Ltd. ("Partner Re"), SCOR UK Company, Ltd. ("SCOR"), Swiss Reinsurance Company ("Swiss Re"), and Wurttembergische Versicherung AG ("Wurtt") have not yet been properly served with process in this action but, in any event, hereby consent to this

Notice of Removal while still preserving any and all defenses under Rule 12 of the Federal Rules of Civil Procedure or otherwise, and any and all defenses under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., 9 U.S.C. § 201 et seq., the New York Convention, and 9 U.S.C. § 301 et seq., the Panama Convention including but not limited to the right to demand arbitration pursuant to the reinsurance certificates.  Consents to Removal from each of these entities are attached to this Notice of Removal as Exhibit "C."

## I. PROCEDURAL BACKGROUND

1.      On or about December 12, 2007, Third-Party Plaintiff, International Risk Insurance Company ("IRIC"), filed its Original Petition and, Alternatively, Request to Compel Arbitration ("Third-Party Petition"), against Reinsurers in the 58th Judicial District Court of Jefferson County, Texas, in a case styled *Huntsman Corporation v. International Risk Insurance Company*, Cause Number A-180-245.  Pursuant to Rule 81 of the Local Rules of the United States District Court of the Eastern District of Texas, attached as Exhibits "A," "B," "C," "D," and "E" are:  an index of state court filings with all pleadings filed in this matter, a certified copy of the state court docket sheet, a party information chart, a notification to the state court of this removal, consents to removal filed by Reinsurers who join in this removal, a copy of all process, pleadings, and orders served on Third-Party Defendants, and a copy of the dispute resolution provision between IRIC and each of the Reinsurers which contains an arbitration agreement.

2.      Allianz first received a citation and a copy of IRIC's Third-Party Petition on or about December 21, 2007.  AIG first received a citation and a copy of IRIC's Third-Party Petition on or about December 21, 2007.  Arch first received a citation and a copy of IRIC's Third-Party Petition on or about December 28, 2007.  Zurich first received a citation and a copy of IRIC's Third-Party Petition on or about December 27, 2007.  Ace first received a citation and

a copy of IRIC's Third-Party Petition on or about December 31, 2007. Pursuant to 28 U.S.C. § 1446 (a) a copy of all process, pleadings, and orders served on Allianz, AIG, Arch, Zurich, and Ace are attached hereto as Exhibit "D." Upon information and belief, the remaining Third-Party Defendants have not yet been properly served in this matter but consent to and join in this Notice of Removal. This Notice of Removal is filed within 30 days of service of the Third-Party Petition on Allianz and AIG and within 30 days of determining that the case was removable. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3.     The United States District Court for the Eastern District of Texas, Beaumont Division, is the district court for the district and division within which the state court action is pending.

4.     Under 28 U.S.C. § 1441(c), this matter is removable because IRIC's Third-Party Petition is a separate and independent claim seeking a declaratory judgment that Reinsurers be required to accept IRIC's purported "tender of defense" of this action, or alternatively, that the court compel arbitration of the issue. IRIC's Third-Party Petition further requests that Reinsurers be "held liable for any and all liabilities imposed against IRIC" in this action if Reinsurers do not "meet [their] obligation" to IRIC to accept the defense of this action.

5.     IRIC has separate written reinsurance agreements ("Certificates") with each of the Third-Party Defendants. Each Certificate contains a dispute resolution provision which requires arbitration of disputes between the parties, and provides as follows:

> **13.  Dispute Resolution** [1]Where any dispute between the parties arising out of or in connection with this Agreement including formation and validity and whether arising during or after the period of this Agreement has not been settled through negotiation, both parties agree to try in good faith to settle such dispute by non binding mediation, before resorting to arbitration in the manner set out below.

[2] The arbitration tribunal (tribunal) shall unless the parties agree otherwise consist of persons (including those who have retired) with not less than ten years experience of international insurance or reinsurance business as persons engaged in such business or advising such business in a professional capacity.

[3] Unless the parties agree upon a single arbitrator within thirty days of one receiving a written request from the other for arbitration, the claimant (the party requesting arbitration) shall appoint one arbitrator (the first arbitrator) and shall give written notice thereof to the other party (the respondent). Within thirty days of receiving such notice, the respondent shall appoint another arbitrator (the second arbitrator) and give written notice to the claimant failing which the claimant may apply to the appointor named below to appoint the second arbitrator.

[4] Once appointed, the first and second arbitrators shall within thirty days of the appointment of the second arbitrator appoint a third arbitrator. Should they fail to do so then either of them or of the parties may apply to the appointor for the appointment of the third arbitrator. However appointed the third arbitrator shall be chairman.

[5] Upon acceptance of the appointment by the third arbitrator the tribunal shall be constituted. The three arbitrators shall decide by majority. If a majority cannot be achieved the decision of the third arbitrator shall prevail.

[6] If an arbitrator, subsequent to his appointment, is unwilling or unable to act, a new arbitrator shall be appointed to replace him by the procedure set out above.

[7] Unless otherwise extended or ordered by the tribunal within fifteen days of the appointment of the third arbitrator, each party shall submit its case to the tribunal within forty-five days of the appointment of the third arbitrator.

[8] The tribunal shall not be bound by the formal rules of evidence. The tribunal shall have power to fix all procedural rules relating to the conduct of the arbitration.

[9] The tribunal shall within sixty days of reaching its decision in the Arbitration issue to the parties its written and reasoned award. The award shall be final and binding on the parties who covenant to carry out the same. If either of the parties should fail to carry out the award the other may apply for its enforcement to a court of

competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

[10] All costs of the arbitration shall be at the discretion of the tribunal who may direct to and by whom and in what manner they shall be paid.

[11] The appointor shall be as stated in the **Declarations.**

[12] The seat of the arbitration shall be **New York.**

[13] This article remains valid, should the Agreement be void.

*See* Section C. 13. of Exhibit "E," (the "Dispute Resolution Provision").

6.      Ace is a domestic business corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  AIG is a domestic business corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in New York.  Allianz is a domestic business corporation organized and existing under the laws of the State of California with its principal place of business in Burbank, California.  Arch is a domestic business corporation organized and existing under the laws of the State of Nebraska with its principal place of business in Morristown, New Jersey.  AXIS is a foreign business corporation organized and existing under the laws of the country of Bermuda with its principal place of business located in Bermuda. Limit is a foreign business corporation organized and existing under the laws of the United Kingdom with its principal place of business in London, England.  Commonwealth is a foreign business corporation organized and existing under the laws of the country of Canada with its principal place of business in British Columbia, Canada.   HDI is a foreign business corporation organized and existing under the laws of the country of Germany with its principal place of business located in Hannover, Germany.   White is a citizen of the country of England. R. J. Kiln is a foreign business corporation organized and existing under the laws of the United

Kingdom with its principal place of business in London, England.   Cathedral is a foreign business corporation organized and existing under the laws of the United Kingdom with its principal place of business in London, England.   Munich Re is a foreign business corporation organized and existing under the laws of the country of Germany with its principal place of business located in Munich, Germany.   Partner Re is a foreign business corporation organized and existing under the laws of the country of Bermuda with its principal place of business in Hamilton, Bermuda.   SCOR is a foreign business corporation organized and existing under the laws of the United Kingdom with its principal place of business in London, England.   Swiss Re is a foreign business corporation organized and existing under the laws of the country of Switzerland, with its principal place of business located in Zurich, Switzerland.   Wurtt is a foreign business corporation organized and existing under the laws of the country of Germany with its principal place of business located in Germany.   Zurich is a domestic business corporation organized and existing under the laws of the State of New York with its principal place of business located in Schaumberg, Illinois.

7.     IRIC's Third-Party Petition asserts claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 since some of the Certificates are subject to and governed by 9 U.S.C. § 201 et seq., the New York Convention, specifically 9 U.S.C. §§ 203 and 205, and 9 U.S.C. § 301 et seq., the Panama Convention.   Based upon the foregoing, this action may be removed to the United States District Court for the Eastern District of Texas, Beaumont Division.

8.     This Court also has original jurisdiction under 28 U.S.C. § 1332 because the actual dispute in this matter, after the parties are realigned, involves citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

BEAULITIGATION:871869.1

9.      Attached are the following exhibits:

    A.      Index of state court filings;

    A-1.    Documents filed in state court action (certified copy);

    A-2.    Docket sheet in state court action (certified copy);

    A-3.    List of Parties and Counsel;

    B.      Notification of State Court of Notice of Removal;

    C.      Consents to Removal;

    D.      A copy of all process, pleadings, and orders served on Allianz, AIG, Arch, Zurich, and Ace; and

    E.      Exemplar Reinsurance Certificate containing Dispute Resolution Provision.

## II.  FACTUAL BACKGROUND

10.     On April 29, 2006, a fire occurred at Huntsman Corporation's Aromatics & Olefins Plant (hereinafter, "the Plant") in Port Arthur, Texas (hereinafter, "the Loss"). The fire resulted from the rupture of a severely corroded piping system within the Plant which released hydrocarbons that ignited, and which caused certain physical damage to a defined area of the Plant.

11.     The Loss was insured by Policy PROP 05-01 (hereinafter, "the Policy") which was issued by IRIC to Huntsman, with effective dates from July 1, 2005 to July 1, 2006. Under the Policy, IRIC insures Huntsman and its parent, affiliated, subsidiary, and associated companies for 100% of the designated risk up to a certain amount. The Policy is 100% reinsured through Certificates issued by various reinsurers, including the Third-Party Defendants.

12.     IRIC is a captive insurance company created by Huntsman, is a wholly owned subsidiary of Huntsman, and is completely controlled by Huntsman. IRIC was organized to

BEAULITIGATION:871869.1

obtain insurance coverage for Huntsman's liabilities through the international reinsurance market.

13.     Since IRIC is wholly owned by Huntsman and is 100% reinsured for the Loss, it has no actual or purported financial stake in the outcome of this claim, and merely functions as a "pass through" or shell corporation.

14.     IRIC has been noticeably absent from the entire adjustment process, and has failed to participate in meetings between Huntsman and Reinsurers where coverage and quantum issues were discussed.   In fact, Huntsman wrote several letters and made various claim submissions directly to Integra, the Reinsurers' representative, without involving IRIC.

15.     Huntsman demanded and received a total of $305 million in partial payments from Reinsurers by three sworn proofs of loss (hereinafter "POL's") that were directed to the Reinsurers, not IRIC.   Another $20 million has been approved for payment to Huntsman by Reinsurers, with a POL for said amount directed to Reinsurers.

16.     On July 18, 2007, at meetings between Huntsman and Reinsurers, Huntsman hand-delivered an unsolicited POL in the amount of $45,000,000 to Reinsurers' adjuster for delivery to Reinsurers.   Reinsurers notified Huntsman in writing on August 8, 2007, that they needed additional time to evaluate the POL.   On August 16, 2007, Huntsman demanded that Reinsurers pay the POL, and provided an arbitrary deadline of August 31, 2007, for Reinsurers to confirm that payment would be forthcoming in response to the unsolicited POL.

17.     On August 31, 2007, Reinsurers filed suit against Huntsman and IRIC in the United States District Court for the Southern District of Texas, Houston Division ("Southern District Action") seeking to compel Huntsman and IRIC to arbitrate their disputes, or alternatively, to have the court rule on the dispute through a declaratory judgment.

BEAULITIGATION:871869.1

18.     On September 20, 2007, IRIC and Huntsman requested a seven-day extension of time within which to file their responsive pleadings in the Southern District Action. Reinsurers agreed to the extension, and Huntsman and IRIC jointly filed an Agreed Motion to Extend Deadlines on September 21, 2007.

19.     On the same day, September 21, 2007, Huntsman sued IRIC in this matter. According to Huntsman's Petition, Huntsman made a demand for payment from IRIC on September 21, which IRIC allegedly denied, *that day*, without conducting any investigation or requesting any supporting information from Huntsman, the Reinsurers, or the adjuster. Moreover, on the very same day, Huntsman also filed a motion to dismiss Reinsurers' Complaint in the Southern District Action. IRIC followed Huntsman's lead by filing its own motion to dismiss six days later.

20.     On September 25, 2007, an unsolicited POL in the amount of $48,000,000 was sent directly by Huntsman to Integra. Then, on September 26, 2007, IRIC also sent the POL to Integra demanding that it "forward the POL to Reinsurers for payment."

21.     On October 3, 2007, counsel for IRIC demanded that the Reinsurers associate with IRIC in the defense of this matter and purportedly "tendered the defense" of this action to Reinsurers.

22.     On November 16, 2007, Reinsurers disputed that they had any duty to participate in this action, since, among other reasons, Reinsurers viewed Huntsman's "claims" against IRIC as fictitious and collusive. To that end, Reinsurers declined IRIC's alleged "tender of the defense" of this action but offered to negotiate, mediate and arbitrate the dispute with IRIC pursuant to the Dispute Resolution Provision contained in the Certificates. IRIC responded on December 12, but failed to further address the purported "tender of defense" issue.

23.     Also, on December 12, 2007, IRIC filed its Third-Party Petition against Reinsurers. Significantly, as of the date of this Notice of Removal, upon information and belief, IRIC has not filed an answer or otherwise responded to Huntsman's Petition.

### III.  FEDERAL-QUESTION JURISDICTION

24.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States. Specifically, this civil action arises under 9 U.S.C. § 201 et seq., the New York Convention, and 9 U.S.C. § 301 et seq., the Panama Convention, because arbitration agreements between citizens of foreign countries and citizens of the United States are implicated.

25.     This matter is removable pursuant to 28 U.S.C. § 1441(c) because IRIC's Third-Party Petition is a separate and independent claim seeking a declaratory judgment that Reinsurers be required to accept IRIC's purported "tender of defense" of this action, or alternatively, that the court compel arbitration of the issue. IRIC further requests that Reinsurers be "held liable for any and all liabilities imposed against IRIC" in this action if Reinsurers do not "meet [their] obligation" to IRIC to accept the defense of this action.

26.     Because this action concerns an arbitration agreement that is not entirely between citizens of the United States, federal-question jurisdiction exists pursuant to the New York Convention. *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208-09 (5th Cir. 1991) (citing 9 U.S.C. § 202). Federal-question jurisdiction also exists pursuant to the Panama Convention. 9 U.S.C. § 301 et seq.

27.     Pursuant to 9 U.S.C. § 205, where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the New York Convention, the matter may be removed at any time prior to trial. *See RA Investment I, LLC v.*

*Smith & Frank Group Servs.*, No. 4:05CV363, 2005 WL 3299710, at *4 (E.D. Tex. Dec. 5, 2005) (citing *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002)).  An arbitration agreement "falls under" the New York Convention if it: (1) arises out of a commercial legal relationship; (2) provides for arbitration in the territory of a New York Convention signatory; and (3) involves at least one non-United States citizen or concerns property located abroad, involves performance or enforcement abroad, or has a reasonable relationship with a foreign state. 9 U.S.C. § 202.  This action clearly "relates to" the arbitration agreements, since the Fifth Circuit has interpreted this language broadly, finding that an arbitration agreement "relates to" a suit if the agreement "could *conceivably* affect the outcome" of the suit.  *Beiser*, 284 F.3d at 669 (emphasis in original).  For these reasons, IRIC's suit against Reinsurers is removable under § 205 of the New York Convention.

28.     All Reinsurers named in IRIC's petition have joined in and/or consented to the filing of this Notice of Removal.

29.     For these reasons, this Court has original jurisdiction over IRIC's Third-Party Petition pursuant to 28 U.S.C. § 1331, 9 U.S.C. § 201 et seq., 9 U.S.C. § 301 et seq., and 28 U.S.C. § 1441(c).

## IV.  FEDERAL DIVERSITY JURISDICTION

30.     This Court also has diversity jurisdiction over this action, making removal appropriate pursuant to 28 U.S.C. § 1332 and § 1441.  *See Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177-78 (5th Cir. 1984) ("In determining whether diversity jurisdiction exists, the court is not bound by the way plaintiff formally aligns the parties in his original pleading.  It is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  The generally accepted test of proper alignment is whether the parties with the same

BEAULITIGATION:871869.1

ultimate interests in the outcome of the action are on the same side.") (citation omitted).

Diversity jurisdiction is appropriate after the parties are realigned to reflect their true interests in

the lawsuit.  Because the parties are citizens of different states and the amount in controversy

clearly exceeds the $75,000 threshold, this Court has original jurisdiction under the doctrine of

diversity.

31.     Because IRIC is wholly owned by Huntsman and is 100% reinsured for the Loss,

Huntsman and IRIC share the same ultimate interest in the outcome of this action: obtaining a

declaratory judgment against Reinsurers, thereby requiring Reinsurers to pay damages to

Huntsman for its purported losses.

32.     Because of the parent/subsidiary relationship, Huntsman has shown no genuine

interest in actually obtaining payment – and ultimately a judgment – from IRIC for its alleged

losses.  Instead, at all material times during the adjustment of the Loss, Huntsman dealt directly

with, and sought payment directly from, Reinsurers – not IRIC – suggesting that both Huntsman

and IRIC would be entirely satisfied if Reinsurers paid any proceeds directly to Huntsman.

33.     The lack of an adversarial relationship between Huntsman and IRIC cannot be

seriously questioned.  With regard to their respective interests in this and the related Southern

District Action, Huntsman and IRIC have acted in concert since Reinsurers filed suit against both

parties in the Southern District Action in August 2007.

34.     For instance, as discussed above, on September 20, 2007, IRIC and Huntsman

requested a seven-day extension of time to file their responsive pleadings.  The next day,

September 21, 2007, the following events transpired:  (1) Huntsman and IRIC jointly filed an

Agreed Motion to Extend Deadlines; (2) Huntsman purportedly requested payment from IRIC in

connection with the Loss; (3) IRIC purportedly denied payment; (4) Huntsman filed this suit

against IRIC in Jefferson County; and (5) Huntsman filed a motion to dismiss Reinsurers' Complaint in the Southern District Action.

35.    Six days later, on September 27, 2007, IRIC filed its own motion to dismiss the Southern District Action. Finally, a day before filing its motion to dismiss, IRIC demanded that the adjuster "forward [a $48,000,000 proof of loss from Huntsman] to Reinsurers for payment." Such actions are anything but adversarial in nature.

36.    Because IRIC has the same ultimate interest in the outcome of the action as Huntsman, the Court should "look beyond the pleadings and arrange the parties according to their sides in the dispute" and according to their interests in this action. *Zurn Indus., Inc. v. Action Constr. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 246 F. Supp. 2d 535, 537-38 (S.D. Miss. 2003).    Further, regarding the realignment analysis, the Court should look to "the plaintiffs principal purpose for filing its suit" and the "necessary collision of interest" in the suit. *Zurn*, 847 F.2d at 236 (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). Because IRIC, as Huntsman's wholly owned subsidiary, has the same interests in this action as Huntsman and those interests are adverse to the Third-Party Defendants, the Court should realign and arrange the parties according to their interests. For these reasons, this Court also has diversity jurisdiction, making removal appropriate.

## V.  PARTIES AND NOTICE

37.    All Reinsurers, whether served or not, join in and consent to this Notice of Removal.

38.    Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with a copy of this Notice of Removal and Reinsurers have filed a Notification of Removal attaching a

BEAULITIGATION:871869.1

copy of this Notice of Removal with the Clerk of the Court for Jefferson County, Texas.  A copy

of that notification accompanies this Notice of Removal as Exhibit "B."

39.    The 58th Judicial District Court of Jefferson County, Texas is located in the

Eastern District of Texas, Beaumont Division.  The address for that Court is 1149 Pearl Street,

Beaumont, Texas, 77701.  For this reason, the Reinsurers file this Notice of Removal and

remove this civil action to the United States District Court for the Eastern District of Texas,

Beaumont Division.

For the foregoing reasons, this action is now properly removed to this Court.

Respectfully submitted,

MEHAFFY WEBER, P.C.

By: _____

M. C. Carrington, Of Counsel
State Bar No. 03880800
Post Office Box 16
Beaumont, Texas  77704
Telephone: 409/835-5011
Telecopier: 409/835-5177
ATTORNEYS FOR
THIRD-PARTY DEFENDANTS


Kerry K. Brown, Esq.
TX Bar No. 03149880
Richard G. Urquhart, Esq.
TX Bar No. 00792887
ZELLE, HOFMANN, VOELBEL, MASON &
GETTE, LLP
1201 Main Street, Suite 3000
Dallas, TX  75202 3975
Telephone:    (214) 742-3000
Facsimile:    (214) 760-8994
ATTORNEYS FOR THIRD-PARTY
DEFENDANT ALLIANZ GLOBAL
RISKS US INSURANCE COMPANY

BEAULITIGATION:871869.1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested and/or regular mail to all counsel of record on this the 14th day of January, 2008.

M.C. Carrington

BEAULITIGATION:871869.1