| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

HUNTSMAN CORPORATION, §
　　　　　　　　　　　　　　　　§
　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:08-CV-029
　　　　　　　　　　　　　　　　§
INTERNATIONAL RISK INSURANCE §
COMPANY, §
　　　　　　　　　　　　　　　　§
　　　Defendant/Third-Party Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* §
　　　　　　　　　　　　　　　　§
ACE AMERICAN INSURANCE §
COMPANY, *et al.*, §
　　　　　　　　　　　　　　　　§
　　　Third-Party Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Third-Party Defendants ACE American Insurance Company, AIG Casualty Company, Allianz Global Risks US Insurance Company, Arch Reinsurance Company of Nebraska, and Zurich American Insurance Company's (collectively, "Third-Party Defendants" or "the Reinsurers") Motion to Transfer Venue (#28). Third-Party Defendants request that the court transfer this case to the United States District Court for the Southern District of Texas pursuant to the "first-to-file rule." Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that transfer of this case is appropriate.

I.　Background

On April 29, 2006, an explosion and fire occurred in the ethylene refrigeration and processing area at Plaintiff Huntsman Corporation's ("Huntsman") Aromatics and Olefins Plant

("the Plant") in Port Arthur, Texas. Huntsman's post-loss investigation revealed that the fire resulted from the ignition of hydrocarbons that escaped from a corroded piping system within the Plant. While no one was injured in the fire, the Plant sustained extensive physical damage, requiring Huntsman to suspend all operations at the ethylene manufacturing facility.

Huntsman's losses from the fire are purportedly covered by a casualty insurance policy, PROP 05-01 ("the Policy"), issued by Defendant International Risk Insurance Company ("IRIC"). IRIC is a "captive" insurance company that is wholly owned by Huntsman and was formed for the sole purpose of insuring the liabilities of the Huntsman companies through the international reinsurance market. Accordingly, upon issuing the Policy to Huntsman, IRIC negotiated and entered into separate agreements of reinsurance ("the Reinsurance Certificates") with each of the Third-Party Defendants.

After Huntsman notified IRIC and the Reinsurers of the fire, the parties appointed Integra Technical Services Limited ("Integra") to adjust the loss. It is undisputed that from this point forward Huntsman dealt directly with Integra and the Reinsurers regarding the adjustment and payment of its claim. Over the course of the adjustment process, Huntsman submitted several sworn proofs of loss to the Reinsurers and received payments totaling at least $305 million. During July and August of 2007, however, a dispute arose among the parties concerning Huntsman's right to receive additional payments under the Policy and the Reinsurance Certificates. As a result, on August 30, 2007, the Reinsurers filed suit against Huntsman and IRIC in the United States District Court for the Southern District of Texas, seeking a court order compelling the parties to arbitrate their disagreement pursuant to a dispute resolution provision contained in each of the Reinsurance Certificates. In the alternative, the Reinsurers request that the court issue

a declaratory judgment stating that the Policy and the Reinsurance Certificates do not include coverage for certain claimed items and that Huntsman did not act with due diligence and dispatch in repairing and rebuilding the Plant.

On September 21, 2007, Huntsman filed the instant action against IRIC in the 58th Judicial District Court of Jefferson County, Texas. According to the state court petition, Huntsman sent a demand letter to IRIC on September 21, 2007, requesting that IRIC pay the entirety of the amounts due under the Policy. That same day, IRIC declined Huntsman's request for payment and stated that in the absence of a judicial declaration of coverage, IRIC would not pay Huntsman any additional amounts for the loss. Huntsman, therefore, asserts claims for breach of contract and anticipatory breach of contract and seeks a declaratory judgment that IRIC is obligated to pay the amounts requested by Huntsman.[1]

On October 3, 2007, counsel for IRIC contacted the Reinsurers and tendered to them the defense of Huntsman's state court action. The Reinsurers rejected IRIC's tender on November 16, 2007, arguing that they have no duty to defend IRIC in this matter because, among other things, they view the claims asserted by Huntsman against IRIC as fictitious and collusive. As an alternative, however, the Reinsurers offered to negotiate, mediate, and/or arbitrate their dispute with IRIC pursuant to the dispute resolution provision in the Reinsurance Certificates.

On December 12, 2007, IRIC filed a Third-Party Petition against the Reinsurers in Huntsman's state court action. IRIC seeks a declaratory judgment that the Reinsurers must accept IRIC's tender of the defense of Huntsman's claims. It further requests that, should the Reinsurers

---

[1] Also on September 21, 2007, Huntsman filed a motion to dismiss the Reinsurers' action in the Southern District of Texas for failure to state a claim upon which relief can be granted. IRIC filed a similar motion to dismiss on September 27, 2007. To date, the court has not ruled on these motions.

refuse to honor their obligation to accept the tender of defense, the court declare that the Reinsurers must compensate IRIC for any and all liabilities incurred by IRIC in its litigation with Huntsman. In the alternative, IRIC asks that the court compel the Reinsurers to submit to arbitration on the sole issue of whether they must accept IRIC's tender of the defense of Huntsman's action.

Third-Party Defendants removed Huntsman's state court action to this court on January 14, 2008. In their Notice of Removal, the Reinsurers allege that federal jurisdiction is proper under 28 U.S.C. § 1331 because this case concerns arbitration agreements that are not entirely between citizens of the United States. Specifically, they assert that federal question jurisdiction exists pursuant to the New York Convention, 9 U.S.C. §§ 201-208, and the Panama Convention, 9 U.S.C. §§ 301-307, addressing international arbitration agreements. The Reinsurers further contend that diversity jurisdiction exists if the court were to realign the parties in accordance with their true interests in this litigation, namely, by designating Huntsman and IRIC as plaintiffs and the Reinsurers as defendants.

On February 4, 2008, Huntsman filed a motion to remand the case to state court, arguing that Third-Party Defendants, as such, do not have the statutory authority to remove this case to federal court. In particular, Huntsman argues that the Reinsurers may not remove based on diversity jurisdiction because realignment of the parties to allow removal is not permitted, and, in any event, realignment is not appropriate in this case. It also disputes the propriety of removal based on federal question jurisdiction and contends that, even if the court finds a colorable basis for removal, it should use its discretionary powers to remand the case because Huntsman's state law claims predominate.

On February 6, 2008, the Reinsurers filed the instant motion to transfer venue, asserting that this case should be transferred to the Southern District of Texas based on the first-to-file rule. Specifically, the Reinsurers argue that because the two lawsuits substantially overlap, principles of comity and sound judicial administration favor transfer of this case to the Southern District of Texas, where the first-filed action is currently pending before the Honorable Lee H. Rosenthal.

In response, Huntsman contends that the two actions do not, in fact, substantially overlap and argues that a transfer would not serve judicial efficiency. It also asserts that the first-to-file rule does not apply here because the Southern District lawsuit was improperly filed in anticipation of the instant action. Finally, Huntsman argues that the Reinsurers waived their rights to transfer venue because the Reinsurance Certificates require them to abide by the terms of the Policy, which contains a waiver of venue by IRIC. Similarly, IRIC contends that there is no substantial overlap between the two lawsuits and further asserts that a transfer at this juncture would be premature in light of the pending motions to dismiss in the Southern District action.

II.   Analysis

At the outset, the parties devote a significant portion of their briefing to the issue of the order in which the court should consider the pending motions in this case. Huntsman and IRIC argue that the court should rule on the motion to remand prior to the motion transfer venue because an order of remand would moot the Reinsurers' motion to transfer. The Reinsurers, however, urge the court to transfer this case without addressing the issue of remand, which is properly left to Judge Rosenthal.

"While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion

to remand a removed case before ruling on a motion to transfer to another district." *Stewart v. May Dep't Store Co.*, 2002 WL 31844906, at *2 n.1 (E.D. La. Dec. 12, 2002) (citing *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354 (M.D. Ala. 1998)); *see also Welsh ex rel. Taylor v. Murry*, 2006 WL 2349604, at *1 n.1 (W.D. La. Aug. 10, 2006); *Watershed Software Group, LLC v. Camping Cos.*, 2002 WL 31528464, at *1 n.2 (E.D. La. Nov. 8, 2002). Deciding the request for transfer before the motion to remand "is particularly appropriate in this case where a related suit is already pending in the transferee district, the remand motion will not suffer any prejudice as a result of the transfer, and transfer at this juncture permits the court who would ultimately try the case to rule on the remand motion." *Stewart*, 2002 WL 31844906, at *2 n.1 (citing *Gould*, 990 F. Supp. at 1358). Therefore, the court rejects Huntsman and IRIC's contention and finds that, under the circumstances of this case, it is appropriate to rule on the Reinsurers' motion to transfer prior to Huntsman's motion to remand.

Under the first-to-file rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *accord Street v. Smith*, 456 F. Supp. 2d 761, 767 (S.D. Miss. 2006); *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "The rule rests on principles of comity and sound judicial administration." *Cadle Co.*, 174 F.3d at 603; *accord Save Power Ltd.*, 121 F.3d at 950; *Street*, 456 F. Supp. 2d at 767; *Nabors Drilling USA, L.P.*, 451 F. Supp. 2d at 845; *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985). "'The concern manifestly is to avoid the waste of duplication, to avoid rulings which may

trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Cadle Co.*, 174 F.3d at 603 (quoting *West Gulf Maritime Ass'n*, 751 F.2d at 729); *accord Save Power Ltd.*, 121 F.3d at 950.

In determining whether to apply the first-to-file rule, the "crucial inquiry is one of 'substantial overlap.'" *Save Power Ltd.*, 121 F.3d at 950 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see Cadle Co.*, 174 F.3d at 603, 606; *West Gulf Maritime Ass'n*, 751 F.2d at 730; *Street*, 456 F. Supp. 2d at 768; *Nabors Drilling USA, L.P.*, 451 F. Supp. 2d at 845. The two cases need not be identical or involve identical parties for a substantial overlap to exist. *See Save Power Ltd.*, 121 F.3d at 950-51; *West Gulf Maritime Ass'n*, 751 F.2d at 730 (citing *Mann Mfg., Inc.*, 439 F.2d at 408 n.6). Rather, the court considers only whether "'the two pending actions [are] so duplicative or . . . involve such substantially similar issues that one court should decide the subject matter of both actions.'" *Street*, 456 F. Supp. 2d at 768 (quoting *Datamize, Inc. v. Fidelity Brokerage Servs., LLC*, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004)); *Nabors Drilling USA, L.P.*, 451 F. Supp. 2d at 845; *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993).

In the case at bar, Huntsman and IRIC contend that the Southern District action and the Eastern District action do not substantially overlap, asserting that the two cases involve the interpretation of different contracts—the Policy issued to Huntsman and the Reinsurance Certificates. Huntsman and IRIC's argument is without merit. Both lawsuits involve the same parties, the same loss, and the same underlying insurance policy. At the center of each case is the question of whether Huntsman is due additional sums under the Policy and the Reinsurance Certificates for losses sustained in the Plant fire and the extent of any additional coverage.

Moreover, each lawsuit involves an interpretation of the dispute resolution provision contained in the Reinsurance Certificates. While the two actions may not be identical, the court finds that these cases "'involve such substantially similar issues that one court should decide the subject matter of both actions.'" *Street*, 456 F. Supp. 2d at 768 (quoting *Datamize, Inc.*, 2004 WL 1683171, at *3). Accordingly, "principles of comity and sound judicial administration" favor transfer of this action to the Southern District of Texas. *Cadle Co.*, 174 F.3d at 603; *accord Save Power Ltd.*, 121 F.3d at 950; *Street*, 456 F. Supp. 2d at 767; *Nabors Drilling USA, L.P.*, 451 F. Supp. 2d at 845.

Huntsman next asserts that the first-to-file rule should not apply in this case because the Reinsurers filed the Southern District action in anticipation of Huntsman's lawsuit in the Eastern District.[2] *See, e.g.*, *American Reliable Ins. Co. v. Arrington*, 269 F. Supp. 2d 758, 760 (S.D. Miss. 2003) (observing that the first-to-file rule does not apply where the plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant); *California Sec. Co-op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 319 (E.D. Tex. 1995) (recognizing exception to first-to-file rule when first suit brought in anticipation of the second). In response, the Reinsurers argue that Judge Rosenthal should determine whether the first-filed action in the Southern District was appropriately filed. The court agrees with the Reinsurers' position.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially

---

[2] Huntsman also argues that the Reinsurers do not have standing as third-party defendants to request a transfer. The cases cited by Plaintiff, however, concern transfers under the venue statutes. Huntsman has offered no authority suggesting that this line of reasoning applies to transfers under the first-to-file rule, which is concerned with comity and judicial efficiency.

similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950; *accord Cadle Co.*, 174 F.3d at 606; *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 918 (5th Cir. 1997); *Street*, 456 F. Supp. 2d at 768. Therefore, the first-to-file rule "'not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.'" *Id.* (quoting *Sutter Corp.*, 125 F.3d at 918); *accord Cadle Co.*, 174 F.3d at 606; *Nabors Drilling USA, L.P.*, 451 F. Supp. 2d at 845. "[O]nce the second-filed court finds that the issues in the two suits might substantially overlap, 'the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.'" *Street*, 456 F. Supp. 2d at 768 (quoting *Cadle Co.*, 174 F.3d at 606) (finding that the question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine); *accord Mann Mfg., Inc.*, 439 F.2d at 408; *see also Sutter Corp.*, 125 F.3d at 918; *Save Power Ltd.*, 121 F.3d at 950; *West Gulf Maritime Ass'n*, 751 F.2d at 730. Consistent with this approach, the court finds it appropriate to transfer this case to the Southern District of Texas at this juncture.[3]

III.   Conclusion

Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that transfer of this action is appropriate because it substantially overlaps with issues presented in *ACE American Insurance Company, et al. v.*

---

[3] While the court recognizes that motions to dismiss are currently pending before Judge Rosenthal in the Southern District case, it does not find that such a fact warrants departing from the well-established procedure of transferring the second-filed lawsuit once it has been determined that the two cases might substantially overlap. *See Cadle Co.*, 174 F.3d at 606; *Street*, 456 F. Supp. 2d at 768. The court further declines to consider Huntsman's argument that the Reinsurers waived their rights to seek a transfer of venue, which may be addressed by the transferee court, if necessary.

*Huntsman Corporation, et al.*, No. 4:07-CV-02796, filed in the Southern District of Texas on August 30, 2007.  An order transferring this case will be issued accordingly.

SIGNED at Beaumont, Texas, this 22nd day of April, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE